PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Ernest R. Ellis, Sr.’s appeal from the order of the United States Court of Appeals for Veterans Claims in Ellis v. Nicholson, 06-1963, 2006 WL 3007964 (Vet.App.2006), for lack of jurisdiction. Ellis opposes.
Ellis filed a petition for extraordinary relief in the nature of a writ of mandamus with the Court of Appeals for Veterans Claims. Ellis requested that the court order his claim to be expedited before the regional office. The Court of Appeals for Veterans Claims directed the Secretary to respond concerning the status of the regional office proceeding. The Secretary informed the court of the status of the case and when the process would be completed. The Court of Appeals for Veterans Claims held that Ellis had not shown that issuance of a writ was warranted and that there “is currently no showing that reliance upon the adjudication and appellate review process will prove inadequate.”
Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
Ellis’s arguments concerning whether the Court of Appeals for Veterans Claims correctly decided that he had not shown entitlement to a writ are challenges to factual determinations concerning the status of the proceedings. Because we do not have jurisdiction to consider such arguments, we must dismiss this appeal.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motions are granted. The appeal is dismissed.
(2) Each gide shall bear ftg own cogtg_